Milligan, J.,
delivered the opinion of the Court.
This is an action of trespass to the person, brought in the Circuit Court of Claiborne County, by Houston *237 Sewell, in Ms life-time, against Samuel Day, Wm. Neal, Absalom Robinson and Therressa Ann Jones.
The original summons, issued on the 11th day of May, 1865, returnable to the September Term,. following. The process was returned duly executed on' all the defendants ; and thereupon, the plaintiff, at the return term, dismissed his suit as to the defendant, Absalom Robinson, and obtained leave of the Court to make Wm. Jones a party defendant.
On the 12th of January, 1866, the plaintiff appeared before the Clerk and filed his affidavit, alleging that William Jones had gone beyond the limits of the State, or so absconds or conceals himself, that the ordinary process of the law could not be served upon him; and praying for an attachment against his property. Bond was executed; and on the same day the attachment issued, which was returned duly levied on the real estate of Jones.
At the May Term, 1866, the plaintiff appeared and moved the Court further to dismiss his action as to James Day and William Neal, leaving the original process standing against Therressa Ann Jones, alone. And at the same term, the plaintiff filed his declaration against the defendants, Therressa Ann Jones and Wm. Jones. At the September Term following, the death of the plaintiff was suggested, and the case revived in the name of G-. B. Cloud, administrator of Houston Sewell, deceased.
At the January Term, 1867, the plaintiff dismissed his action as to Therressa Ann Jones, and proceeded to *238 take judgment by default, against William Jones, who, as it appears, was the only remaining defendant in the case. A writ of inquiry of damages, was awarded, and before its execution, one John P. Bowen, styling himself agent and guardian of the defendant, appeared and filed his affidavit, upon which he moved the Court to set aside the judgment by default, and to allow defense to the action. The grounds assigned in the affidavit for setting aside the judgment by default, are, that he was under the impression, until the day on which he filed his affidavit, that he had retained counsel for the defendant, but he had just learned — although he had had conversation with the counsel usually retained by him— that they did not understand themselves as being employed by him, and therefore no defense was put in to the action. It is further averred in the affidavit, that the defendant was a minor when the action was commenced, and that justice demands that defense be made.
The Court refused the application to set aside the judgment by default, and directed the execution of the writ of inquiry at the next term.
Exceptions were taken to the action of the Court in overruling the motion to set aside the judgment by default, and the affidavit upon which it was predicated made part of the record, by bill of exceptions.
At the May Term, 1867, the writ of inquiry was executed, and the damages assessed at $10,000.
Under this state of facts, the record is filed here for error, and two errors are assigned upon it. First, that the Court was in error in not setting aside the *239 judgment by default, for the reasons assigned in the affidavit; and second, the Court had no jurisdiction of the person of the defendant.
1st, It is well settled in our practice, that a judgment by default may be set aside at any time during the term at which it is rendered, on motion of the defendant, showing a good defense, and sufficient reason for not having pleaded in time. And it is said, in the case of the Bank of Tennessee vs. Skillern and Merriwether, 2 Sneed, 698, that it is no legal ground of objection, that the facts were established by the affidavit of another, instead of the defendant himself. But this is a matter resting in the sound discretion of the Court, and we would be slow to reverse on that account, unless it was apparent that the discretion had been improperly or oppressively exercised.
In this case, the affidavit is made by one Bowen, who, as we have seen, styles himself “the agent and guardian” of the defendant, and who assumes to assign reasons for not putting in a defense to the action; but he wholly fails to disclose any grounds of defense whatever, other than that the defendant was a minor at the commencement of the suit.
The affidavit is singularly defective in its averments, and leaves the Court in doubt, both as to the nature of the defense, and the minority of the defendant. Neither clearly appears.
It is not enough, that reasons are shown why the defendant failed to appear and defend; he must also show that he has good cause of defense to the action, before the Court would be authorized to set aside a *240 judgment by default, regularly taken. This he has not done, nor has he shown that the -defendant, although a minor at the commencement of the suit, had not reached his majority at the time of the judgment by default.
Had this been done, a more difficult question would have been presented, which, perhaps, has never been directly decided in this State, and which we do not feel called .upon now to determine.
2d. As to the second proposition, a more serious question is presented. This action, as we have seen, was commenced by original summons .against four several parties, as to all of whom it was subsequently dismissed before the filing of the declaration, except Ther-ressa Ann Jones. The summons ' was returned to the September Term, 1865, when leave was obtained to add the plaintiff in error, William Jones, as defendant to the suit. But no steps were taken, either by supplemental summons or original attachment and publication, to bring him before the Court, until the January Term, 1866, when, upon the affidavit of the plaintiff, made before the Clerk of the Court, and without reviving the order to add another party defendant, an attachment issued, tested of the same term, and returnable to' the next succeeding term. The attachment. was returned to the May Term, 1866, duly levied on the lands of the plaintiff in error, when both Therressa Ann Jones and William Jones were formally declared against.
Thus the case stood until the January Term, 1867, when the action was dismissed as to Therressa Ann, and judgment by default ‘ taken against the plaintiff in error.
*241 Additional parties can only be made by leave of the Court, and upon such terms in regard to costs, as may be imposed. If, at the appearance term, it may be done without costs; if at any other subsequent term, on such conditions as the Court may prescribe, so as especially to prevent delay: Code, sec. 2798.
The order of the Court granting leave to the plaintiff to make an additional defendant, was the commencement of the suit against him, and imposed upon the plaintiff the necessity, without delay, of obtaining supplemental process to bring him before the Court, which he must continue from term to term, with the same regularity that would have been required of him in case of an original summons; otherwise, his suit as to such additional defendant, will be discontinued: Armstrong vs. Harrison, 1 Head, 379.
The Statute requires all amendments of this character, to be made “so as especially to prevent delay;” and if at any other than the appearance term, on such conditions as to costs, as the Court may impose. To give vitality and effect to an order to amend, by adding other parties, made at one term, (when no steps have been taken under it,) at the next term, without reviving it, would be to defeat the very object of the Legislature, and enable a party who has obtained an order at one term, to make new parties, to issue his supplemental process at any subsequent term, to bring them in without conditions, and thiis, at his own discretion, to delay the trial.
It follows, from this view of the case, that the at' tachment, which, upon its face, shows it was issued in *242 the original cause, was issued against the plaintiff in error when he was no party to the action, and without an order of Court having vitality to make him a party defendant.
The levy and publication, under such circumstances, were inoperative to confer upon the Court, jurisdiction of the plaintiff in error, and the judgment by default, was a mere nullity.
The plaintiff below, having dismissed his action as to all the defendants served with process, and, through his own negligence, suffered it to be discontinued as to the plaintiff in error, the suit must be dismissed, with costs.